UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 16-0745 JVS (JEMx)                           Date  June 28, 2016

Title  Deena FreemanGrove v. Childtime Learning Centers, Inc.

Present: The Honorable   James V. Selna

Karla J. Tunis                                              Not Present
Deputy Clerk                                                Court Reporter

Attorneys Present for Plaintiffs:                Attorneys Present for Defendants:
Not Present                                      Not Present

Proceedings:   (In Chambers)   **Order GRANTING Plaintiff's Motion to Remand and DENYING Defendant's Motion to Dismiss**

Defendant Lynn Nichter ("Nichter") has filed a motion to dismiss the fifth cause of action from the complaint. Def.'s Mot. Dismiss, Docket No. 9. Plaintiff Deena FreemanGrove ("FreemanGrove") filed an opposition. Pl.'s Opp'n Def.'s Mot. Dismiss, Docket No. 28. Nichter filed a reply. Reply Supp. Def.'s Mot. Dismiss, Docket No. 22.

FreemanGrove has filed a motion to remand. Pl.'s Mot. Remand, Docket No. 29. Nichter filed an opposition. Def.'s Opp'n Pl.'s Mot. Remand, Docket No. 26 ("Def.'s Opp'n"). FreemanGrove filed a reply. Pl.'s Reply Supp. Mot. Remand, Docket No. 32.

For the following reasons, the Court **grants** FreemanGrove's motion to remand and **denies** as moot Nichter's motion to dismiss.

**1.    Background[1]**

FreemanGrove, a California resident, was hired as a pre-school teacher in November 2003 by Defendants Childtime Learning Centers, Inc., Tutor Time Learning Centers, L.L.C., and Learning Care Group, Inc. (collectively "Childtime") to work at their facility in Irvine. Compl., Docket No. 1-1 ¶¶ 1, 8. Nichter, a California resident, was

---

[1] Except where otherwise noted, the following background is based solely on allegations in FreemanGrove's complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-0745 JVS (JEMx) | Date | June 28, 2016 |
| Title | Deena FreemanGrove v. Childtime Learning Centers, Inc. | | |

FreemanGrove's supervisor. Id. at ¶¶ 5, 9. In 2013, FreemanGrove sent a letter to Childtime's management describing how she had been mistreated by Nichter and another supervisor. Id. On November 13, 2013, Nichter met with FreemanGrove and warned FreemanGrove not to bypass Nichter by bringing complaints to Childtime's management. Id. ¶ 10. A few months later, between January and April 2014, FreemanGrove made repeated complaints to Nichter regarding a sink in her classroom that posed a safety hazard to FreemanGrove and her students. Id. ¶ 11. FreemanGrove's complaints were ignored. Id. In April 2014, FreemanGrove told a visiting director of Childtime about the sink. Id. ¶ 12. The director agreed that the sink posed a safety risk. Id. FreemanGrove then advised Childtime's management that unless action was taken to repair the sink, she would seek legal action if the sink caused injury. Id. Childtime sent a repairman. Id.

Very shortly thereafter, on May 6, 2014, Nichter terminated FreemanGrove for misconduct, specifically for allegedly throwing water in a child's face. Id. ¶ 9. FreemanGrove denied the allegations. Id. She demonstrated that it was another teacher, not FreemanGrove, who had thrown water in a child's face. Id. Nichter was also informed by another teacher of the identity of the teacher who was responsible for the misconduct. Id. ¶ 40. After FreemanGrove's termination, the other teacher confessed to the alleged misconduct and the mother of the child who suffered from the alleged misconduct stated that the accusation against FreemanGrove was false. Id. However, Childtime upheld FreemanGrove's termination. Id. In addition, after FreemanGrove's termination, Nichter led teachers and parents to believe that FreemanGrove was terminated for child abuse. Id. ¶ 40; FreemanGrove's Decl. Supp. Pl.'s Mot. Remand, Docket No. 30-2 ¶ 5 ("FreemanGrove's Decl.").

On March 9, 2016, FreemanGrove sued Childtime and Nichter in Orange County Superior Court. Intentional infliction of emotional distress ("IIED") is the sole claim alleged against Nichter. Defendants removed the action to federal court under 28 U.S.C. §§ 1332 and 1441(b) on the basis of complete diversity between FreemanGrove and Childtime, alleging that Nichter was fraudulently joined in the action in an attempt to defeat diversity. Defs.' Notice Removal, Docket No. 1 at 2. The motion to dismiss and the motion to remand followed.

## 2. Legal Standard

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 16-0745 JVS (JEMx)                    Date  June 28, 2016

Title  Deena FreemanGrove v. Childtime Learning Centers, Inc.

to federal court so long as original jurisdiction would lie in the court to which the action is removed. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability should be resolved in favor of remanding the case to the state court. Id. This strong presumption "against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id.

Under 28 U.S.C. § 1332, federal jurisdiction is proper if (1) there is complete diversity between the parties and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). There is "complete diversity between the parties" only if "each defendant is a citizen of a different State from each plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (emphasis omitted). However, a well-established exception to the requirement of complete diversity arises "where a non-diverse defendant has been 'fraudulently joined'" or is otherwise known as a sham defendant. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). Joinder of a non-diverse defendant is deemed fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

In assessing whether the plaintiff fails to state a cause of action where fraudulent joinder is at issue, "the Court may look beyond the pleadings." Padilla v. AT & T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. Dec. 21, 2009). "Thus, a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." Id. The removing party asserting fraudulent joinder "carries a heavy burden of persuasion" in making this showing. Nelson v. Diebold, Inc., 2015 WL 4464691, at *1 (C.D. Cal. July 21, 2015). Where there is doubt as to whether the plaintiff states a cause of action against the defendant, "the doubt is ordinarily resolved in favor of the retention of the case in state court." Albi v. Street & Smith Publications, Inc., 140 F.2d 310, 312 (9th Cir. 1944).

3.  **Analysis**

Nichter argues that the Court has diversity jurisdiction since Nichter was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 16-0745 JVS (JEMx)                                    Date   June 28, 2016

Title   Deena FreemanGrove v. Childtime Learning Centers, Inc.

fraudulently joined in the suit and all other defendants are diverse.[2] Def.'s Opp'n at 2. Nichter filed a motion to dismiss the IIED claim on April 27, 2016. Def.'s Mot. Dismiss. FreemanGrove filed a motion to remand on May 19, 2016. Pl.'s Mot. Remand. The Court must first determine whether it has jurisdiction to hear the suit before it may determine whether a claim must be dismissed. See Sinochem Intern. Co. v. Malaysia Intern. Shipping Corp., 549 U.S. 422, 423 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the cause (subject-matter jurisdiction) and the parties (personal jurisdiction) . . . ."). For this reason, the Court must first address FreemanGrove's motion to remand.

    3.1    Motion to remand

First, the Court addresses FreemanGrove's motion to remand. Childtime and Nichter removed this case to federal court based on diversity of citizenship. 28 U.S.C. § 1332(a)(1). Section 1332 requires complete diversity of citizenship: each defendant must be a citizen of a different state than each plaintiff. Owen Equip. & Erection Co., 437 U.S. at 373. Here, FreemanGrove is a citizen of California, the entities composing Childtime are citizens of Michigan and Illinois, and Nichter is a citizen of California. Def.'s Notice Removal, Docket No. 1 at 3-6; Compl. ¶¶ 1-5. Because FreemanGrove and Nichter are both citizens of California, there is not complete diversity between the parties. However, the court can find diversity where the non-diverse defendant has been fraudulently joined in the action. Morris, 236 F.3d at 1067.

Here, Nichter asserts that she was fraudulently joined in the present action to destroy diversity jurisdiction. Def.'s Opp'n at 2. Nichter presents two arguments suggesting that FreemanGrove failed to state a cause of action against Nichter, and thus

---

    [2] A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). In addition, "an LLC is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). In a declaration, general counsel for Defendant Learning Care Group, Inc. states that all three entities composing Childtime are citizens of states other than California, and thus are diverse from FreemanGrove's state of citizenship. Young Decl., Docket No. 2 ¶¶ 2-5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 16-0745 JVS (JEMx)                                  Date  June 28, 2016

Title  Deena FreemanGrove v. Childtime Learning Centers, Inc.

Nichter was fraudulently joined in the suit. First, Nichter argues that FreemanGrove cannot satisfy the first element of her IIED claim since Nichter's conduct was not outrageous. Def.'s Opp'n at 4-6. Second, Nichter argues that FreemanGrove's IIED cause of action is preempted by the California Worker's Compensation Act. Id. at 6-8. For the following reasons, the Court finds neither of these arguments persuasive. Thus, Nichter has not met her "heavy burden" of showing that Nichter was fraudulently joined in the suit. Nelson, 2015 WL 4464691, at *1.

       3.1.1  Elements of IIED

      To prevail on a claim of IIED, a plaintiff must prove: (1) outrageous conduct by the defendant with the intention of causing or reckless disregard of the probability of causing emotional distress; (2) severe emotional suffering; and (3) actual and proximate causation of emotional distress." See Hughes v. Pair, 46 Cal. 4th 1035, 1050 (2009); see also Life Ins. Co. of N. Am. v. Capps, 660 F.2d 392, 394 (9th Cir. 1981) (noting that "outrageous conduct" is an essential element of an IIED claim). Nichter argues that FreemanGrove did not sufficiently plead the first element of her IIED claim, and thus failed to state a cause of action against Nichter. Def.'s Opp'n at 4-6. "Outrageous conduct," the first element of an IIED claim, is conduct which exceeds "'all bounds of that usually tolerated in a civilized society.'" Schneider v. TRW, Inc., 938 F.2d 986, 992 (9th Cir. 1991) (quoting Trerice v. Blue Cross, 209 Cal. App. 3d 878, 883 (1989)).

      Here, Nichter argues that FreemanGrove's termination is the only alleged basis for "outrageous conduct," which alone does not constitute outrageous conduct. Pl.'s Opp'n at 5; Pitman v. City of Oakland, 197 Cal. App. 3d 1037, 1047 (1988) ("Terminating an employee is not alone sufficient to satisfy the standard for extreme and outrageous conduct."). However, a claim of IIED may arise, as it does here, "'[w]here the behavior goes beyond the act of termination.'" Dagley v. Target Corp., 2009 WL 910558, at *3 (C.D. Cal. Mar. 31, 2009) (quoting Gibson v. Am. Airlines, 1996 WL 329632, at *4 (N.D. Cal. June 6, 1996)). When assessing whether a plaintiff may allege facts of outrageous conduct in light of the alleged fraudulent joinder, "the Court may look beyond the pleadings." Padilla, 697 F. Supp. 2d at 1159.

      The Court finds that FreemanGrove could sufficiently allege facts suggesting Nichter committed outrageous conduct. In a declaration, FreemanGrove recited actions taken by Nichter after FreemanGrove's termination. She states that Nichter's "*accusation*

Case 8:16-cv-00745-JVS-JEM Document 36 Filed 06/28/16 Page 6 of 9 Page ID #:291

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 16-0745 JVS (JEMx)                                Date   June 28, 2016

Title       Deena FreemanGrove v. Childtime Learning Centers, Inc.

*made to parents and . . . peers* was devastating to [her]" and that her peers, student's parents and possibly future employers "*were being told* that [she] abused the children under [her] care . . . .". FreemanGrove's Decl. ¶ 6 (emphasis added). False accusations of child abuse, if proven, could constitute outrageous conduct since such conduct exceeds the bounds tolerated by civilized society. See Begier v. Strom, 46 Cal. App. 4th 877, 881-85 (1996) (reversing trial court's order granting demurrer of plaintiff's IIED claim based on false accusation of child abuse); Siam v. Kizilbash, 130 Cal. App. 4th 1563, 1581-82 (2005) (concluding that evidence of defendant's false reporting of child abuse supports a claim of IIED). Because FreemanGrove alleges, and may amend the complaint to allege, that Nichter acted after the termination and such actions, if proven, are likely outrageous, it is possible that FreemanGrove may be able to state a claim of IIED against Nichter. See Birkhead v. Parker, 2012 WL 4902695, at *3 (N.D. Cal. Oct. 15, 2012) ("Even if these allegations do not rise to the level of outrageous conduct, Defendants cannot establish that Plaintiff would not be able to amend the complaint to allege any viable claim against [his former supervisor] under California law."). Since fraudulent joinder is only proper where a defendant "demonstrate[s] that there is *no possibility* that the plaintiff will be able to establish a cause of action . . . against the alleged sham defendant," the Court finds that Nichter has not met her "heavy burden of persuasion" to establish fraudulent joinder. Onelum v. Best Buy Stores L.P., 948 F. Supp. 2d 1048, 1051 (C.D. Cal. 2013) (emphasis added); Nelson, 2015 WL 4464691, at *1.

In her opposition and at the hearing, Nichter argued that jurisdiction is determined at the time of removal based solely on the complaint, and therefore the Court cannot consider FreemanGrove's declaration when determining jurisdiction. Def.'s Opp'n at 8. The Court rejects this argument. Although courts generally consider only the complaint when determining removability, "[w]here fraudulent joinder is an issue, [the court] will go somewhat further." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). Accordingly, in determining whether there is fraudulent joinder, the court may consider "summary judgment-type evidence such as affidavits and deposition testimony." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1068 (9th Cir. 2001) (quoting Cavallini v. State Farm Mutual Auto Ins. Co., 44 F.3d 256, 263 (5th Cir. 1995). This includes declarations submitted by both defendant and plaintiff. B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981) ("[I]n support of their motion for remand, *the plaintiff may submit affidavits* . . . along with the factual allegations contained in the verified complaint." (emphasis added)); Dunn v. Infosys Ltd., 2012 WL 4761901, at *3 (N.D. Cal. Oct. 5, 2012) ("District courts in the Ninth Circuit have extended the principles in *Morris* to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 16-0745 JVS (JEMx)                              Date   June 28, 2016

Title   Deena FreemanGrove v. Childtime Learning Centers, Inc.

consider supporting supplemental materials by plaintiffs when deciding whether improper or fraudulent joinder has occurred."). As courts in the Central District have made clear, such "summary judgment-type evidence" may include "affidavits or other evidence (*presented by either party*) on the issue of whether a particular defendant's joinder is 'sham' or 'fraudulent.'" Sanchez v. Lane Bryant, Inc., 123 F. Supp. 3d 1238, 1242 (C.D. Cal. Aug. 17, 2015) (emphasis added) (quoting Hon. William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 2:681 (The Rutter Group 2005)). Nichter's argument to the contrary is simply unsupported by the uniform case law.

       3.1.2  Preemption by California's Workers' Compensation Act

     Second, Nichter argues that FreemanGrove's IIED claim is preempted by California's Workers' Compensation Act because Nichter argues that the IIED claim arises solely from FreemanGrove's termination, which is within the scope of the employment relationship and covered by the Act. Def.'s Opp'n at 5-7. The Act provides the exclusive means of remedy for employee's injuries "arising out of and in the course of . . . employment." Cal. Labor Code § 3600(a). "Generally, claims for emotional distress caused by [an] employer's conduct causing distress such as '[termination], demotion, discipline or criticism'" are preempted by the Act so long as the conduct is a "normal risk of the employment relationship." Onelum, 948 F. Supp. 2d at 1054. As mentioned previously, when fraudulent joinder is at issue, "the Court may look beyond the pleadings" in making this assessment. Padilla, 697 F. Supp. 2d at 1159.

     Here, the Court finds that the conduct alleged by FreemanGrove to support her IIED claim did not arise wholly out of and in the course of employment, but rather occurred at least in part after FreemanGrove's termination. In FreemanGrove's declaration, she alleges: "[I]n the days after my termination, when parents and teachers were concerned about my sudden departure, Defendant Nichter lead those teachers and parents to believe that I had been terminated after ten years of service because I had abused a child in my care." FreemanGrove's Decl. ¶ 5. Furthermore, FreemanGrove alleges that Nichter's "accusation made to parents and . . . peers was devastating" and that "parents . . . were being told that [FreemanGrove] abused the children under [her] care when Nichter knew the accusations were false." Id. ¶ 6. Nichter's conduct occurring after the termination of her employment relationship with FreemanGrove is not preempted by California's Workers' Compensation Act. Because the IIED claim is not preempted by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-0745 JVS (JEMx) | Date | June 28, 2016 |
| Title | Deena FreemanGrove v. Childtime Learning Centers, Inc. | | |

the Act, FreemanGrove has stated a possible cause of action for IIED. Thus, Nichter has not met her heavy burden of showing that there "is *no possibility* that the plaintiff will be able to establish a cause of action . . . against the alleged sham defendant." Onelum, 948 F. Supp. 2d at 1051 (emphasis added).

In summary, Nichter has been unable to establish that she was fraudulently joined in this action under either proposed theory: (1) that FreemanGrove cannot sufficiently allege the first element of an IIED claim or (2) that the California Workers' Compensation Act preempts FreemanGrove's IIED claim. As a result, the Court lacks jurisdiction over this case and the case is properly remanded to Orange County Superior Court. Because the Court lacks jurisdiction, and thus cannot hear this suit, the Court denies as moot Nichter's motion to dismiss.

### 3.2  FreemanGrove's request for attorney's fees

FreemanGrove requests attorney's fees incurred for filing the remand motion. Pl.'s Mem. P. & A. Supp. Mot. Remand, Docket No. 30 at 15. "An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Despite the Court's decision to remand the case to state court, Nichter's belief that the IIED claim was based solely on FreemanGrove's termination was not objectively unreasonable given the admitted lack of clarity in the complaint regarding Nichter's actions following the termination and given that FreemanGrove's declaration did not exist at the time Defendants filed its notice of removal. Had those facts been alleged in the complaint, the Court would take a different view. Accordingly, the Court denies FreemanGrove's request for attorney's fees.

### 4.  Conclusion

For the foregoing reasons, the Court **grants** FreemanGrove's motion to remand for lack of diversity jurisdiction and **remands** the action to Orange County Superior Court. The Court **denies** as moot Nichter's motion to dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 16-0745 JVS (JEMx)   Date  June 28, 2016

Title  Deena FreemanGrove v. Childtime Learning Centers, Inc.

IT IS SO ORDERED.

:  00

Initials of Preparer  kjt